**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRANDON GEORGE,
CURTIS AGNEW, JENNIFER DRAGER,
and LYDIA MATTAR,

Plaintiffs,

v.

Case No. 2:26-cv-12479
Hon. Brandy R. McMillion

REED FOSTER, INC.,
and WILL HUNT,

Defendants.
_________________________________/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATE SERVICE**

Plaintiffs Brandon George, Curtis Agnew, Jennifer Drager, and Lydia Mattar (collectively "Plaintiffs") filed this ERISA action against Defendants Reed Foster, Inc. and Will Hunt (collectively "Defendants") on July 20, 2026. ECF No. 1. On October 7, 2026, Plaintiffs moved for alternate service on Defendants, as attempts to serve the summons and complaint had failed, and Defendants have still not been served. ECF No. 5. For the following reasons, the Court denies Plaintiffs' Motion for Alternate Service (ECF No. 5) but extends the time to effectuate service for 90 days from the date of this Order.

Plaintiffs file their request for alternate service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Michigan Court Rules 2.105(D). ECF No. 5, PageID.45.

Rule 4(e)(1) allows service in accordance with state law where the district court sits. To obtain permission for alternate service in Michigan, Plaintiffs must show that (1) service cannot be affected by the prescribed means, ***and*** (2) the proposed alternate method is likely to give actual notice. Mich. Ct. R. 2.105(J)(1) (emphasis added); *see Signal AHF Med. Receivables Holdco LLC v. Mobile MRI Staffing, LLC*, No. 22-11514, 2023 WL 372639, at *1 (E.D. Mich. January 24, 2023).

Plaintiffs have not presented any information that the proposed alternate method is likely to give actual notice of this lawsuit to Defendants. To the contrary, Plaintiffs confirm that Defendants "appear to no longer be occupying the suite the business address" of attempted service. *See* ECF No. 5, PageID.44. Part of Plaintiffs' request for alternate service is to send the documents to that business address. *Id.* at PageID.46-47. If it is already known that business is unoccupied, Plaintiffs' proposed method of service is not likely to give actual notice.

While Plaintiffs' process server has made attempts at the home address of Hunt and mail has been delivered there and unreturned, the Court is going to require further attempts before allowing service by alternate means. The Court finds that three attempts at that location is not enough to satisfy all reasonable efforts to serve Defendants, at this time.

Accordingly, the Court **DENIES** Plaintiffs' Motion for Alternate Service **WITHOUT PREJUDICE**. However, consistent with Federal Rule of Civil

Procedure 4(m), the Court finds good cause for extending the time for service and orders Plaintiffs to serve Defendants no later than **90 days** from the date of this Order. Service shall be made consistent with Fed. R. Civ. P. 4(e). If additional attempts, consistent with Rule 4(e), to serve Defendants during the extended period are unsuccessful, Plaintiffs may renew their motion for alternate service detailing the additional efforts to provide actual notice of this lawsuit to Defendants.

**IT IS SO ORDERED.**

Dated: October 20, 2026

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
U.S. District Judge